# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-605V
Filed: November 17, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MERRY MOORE, | |
| Petitioner, | Damages Decision Based on Proffer; Tetanus-Diphtheria-acellular Pertussis ("Tdap") Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA"); Special Processing Unit ("SPU") |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil*, Muller Brazil, LLP, for petitioner.
*Ann Martin*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On June 15, 2015, petitioner, Merry Moore, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that as a result of a Tetanus-Diphtheria-acellular Pertussis ["Tdap"] vaccination on August 9, 2012, she suffered a shoulder injury. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 30, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On November 17, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $115,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $115,000.00 in the form of a check payable to petitioner, Merry Moore.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MERRY MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 15-605V |
| v. ) | Chief Special Master Dorsey |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $115,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.   Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $115,000.00 in the form of a check payable to petitioner. Petitioner agrees.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

                              VINCENT J. MATANOSKI
                              Deputy Director
                              Torts Branch, Civil Division

                              MICHAEL P. MILMOE
                              Senior Trial Counsel
                              Torts Branch, Civil Division

                              s/ ANN D. MARTIN
                              ANN D. MARTIN
                              Senior Trial Attorney
                              Torts Branch, Civil Division
                              U.S. Department of Justice
                              P.O. Box 146
                              Benjamin Franklin Station
                              Washington, D.C.  20044-0146
                              Tel.: (202) 307-1815

DATED:  November 17, 2015